1

2

3

4               **UNITED STATES DISTRICT COURT**

5                   **DISTRICT OF NEVADA**

6

7   STEVE DAVIS,                          )
                                          )
8                 Plaintiff(s),           )    Case No. 2:12-cv-01939-JCM-NJK
                                          )
9   vs.                                   )    ORDER DENYING MOTION TO
                                          )    DISQUALIFY
10  THE LIVING TRUST OF MICHAEL J.        )    (Docket No. 21)
    FITZGERALD, et al.,                   )
11                                        )
                  Defendant(s).           )
12  _____     )

13          Pending before the Court is Plaintiff's motion to strike filings by Mark Simons, which the

14  Court construes as a motion to disqualify Mr. Simons as attorney for Defendant Living Trust of

15  Michael J. Fitzgerald ("Defendant").  *See* Docket No. 21.  Defendant filed a response, Docket No.

16  26, and Plaintiff did not file a reply.  The Court finds the matter properly resolved without a hearing.

17  Local Rule 78-2.  For the reasons discussed below, the motion is **DENIED**.

18          Plaintiff seeks Mr. Simons' disqualification pursuant to Nevada Rules of Professional

19  Conduct 1.7 and 1.9.  *See* Mot. at 4-5.[1]  Plaintiff bears the burden of establishing that he has

20  standing to bring the motion to disqualify.  *Liapis v. Dist. Ct.*, 282 P.3d 733, 737 (Nev. 2012).

21  Because Plaintiff is not and has never been Mr. Simons' client, *see* Simons Decl. ¶ 3, he has failed

22  to establish standing to seek disqualification.  *Liapis*, 282 P.3d at 737.[2]

23          Plaintiff also appears to seek Mr. Simons' disqualification pursuant to Nevada Rule of

24  Professional Conduct 3.7, which outlines rules where an attorney is likely to be a necessary witness.

25  _____

26          [1]  This Court looks to the rules adopted by the Supreme Court of Nevada regarding attorney
27  practice before the Court.  *See* Local Rule IA 10-7.

28          [2]  The Supreme Court of Nevada has recognized some "limited circumstances" in which a non-
    client has standing, *see, e.g.*, *Liapis*, 282 P.3d at 737-38, but Plaintiff fails to show that any of those
    exceptions applies here.

1     *See* Mot. at 6.  This argument also fails.  Among other deficiencies in the motion, Plaintiff fails to

2     identify the information he would seek from Simons that is not available from another source.  *See*

3     *Code v. Teachers Ins. & Annuity Ass'n*, 2010 WL 2674030, *1 (D. Nev. June 30, 2010).  Moreover,

4     even if Plaintiff had provided the relevant information under the Rule, the Rule does not mandate

5     complete disqualification of counsel, but instead only disqualification from appearing as trial

6     counsel.  *Id.*

7         For the reasons discussed above, the pending motion is hereby **DENIED**.

8         IT IS SO ORDERED.

9         DATED: April 29, 2013

10

11         _____
        NANCY J. KOPPE
        United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28