# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVE DAVIS,<br><br>        Plaintiff(s),<br><br>vs.<br><br>THE LIVING TRUST OF MICHAEL J. FITZGERALD, et al.,<br><br>        Defendant(s). | Case No. 2:12-cv-01939-JCM-NJK<br><br>ORDER DENYING MOTION TO DISQUALIFY<br>(Docket No. 21) |

      Pending before the Court is Plaintiff's motion to strike filings by Mark Simons, which the Court construes as a motion to disqualify Mr. Simons as attorney for Defendant Living Trust of Michael J. Fitzgerald ("Defendant"). *See* Docket No. 21. Defendant filed a response, Docket No. 26, and Plaintiff did not file a reply. The Court finds the matter properly resolved without a hearing. Local Rule 78-2. For the reasons discussed below, the motion is **DENIED**.

      Plaintiff seeks Mr. Simons' disqualification pursuant to Nevada Rules of Professional Conduct 1.7 and 1.9. *See* Mot. at 4-5.[1] Plaintiff bears the burden of establishing that he has standing to bring the motion to disqualify. *Liapis v. Dist. Ct.*, 282 P.3d 733, 737 (Nev. 2012). Because Plaintiff is not and has never been Mr. Simons' client, *see* Simons Decl. ¶ 3, he has failed to establish standing to seek disqualification. *Liapis*, 282 P.3d at 737.[2]

      Plaintiff also appears to seek Mr. Simons' disqualification pursuant to Nevada Rule of Professional Conduct 3.7, which outlines rules where an attorney is likely to be a necessary witness.

---

[1] This Court looks to the rules adopted by the Supreme Court of Nevada regarding attorney practice before the Court. *See* Local Rule IA 10-7.

[2] The Supreme Court of Nevada has recognized some "limited circumstances" in which a non-client has standing, *see, e.g.*, *Liapis*, 282 P.3d at 737-38, but Plaintiff fails to show that any of those exceptions applies here.

*See* Mot. at 6.  This argument also fails.  Among other deficiencies in the motion, Plaintiff fails to identify the information he would seek from Simons that is not available from another source.  *See Code v. Teachers Ins. & Annuity Ass'n*, 2010 WL 2674030, *1 (D. Nev. June 30, 2010).  Moreover, even if Plaintiff had provided the relevant information under the Rule, the Rule does not mandate complete disqualification of counsel, but instead only disqualification from appearing as trial counsel.  *Id.*

    For the reasons discussed above, the pending motion is hereby **DENIED**.

    IT IS SO ORDERED.

    DATED: April 29, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge