UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVE DAVIS,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>THE LIVING TRUST OF MICHAEL J. FITZGERALD, HENRY W. RANSPOT,<br><br>　　　　Defendant(s). | 2:12-CV-1939 JCM (NJK) |

**ORDER**

Presently before the court is defendant Henry Ranspot's ("Ranspot") motion for final judgment. (Doc. # 28). *Pro se* plaintiff Steve Davis responded. (Doc. # 30).

Also before the court is court is defendant The Living Trust of Michael J. Fitzgerald's ("Fitzgerald trust") motion for summary judgment. (Doc. # 16).[1] Defendant Fitzgerald trust filed a notice of non-opposition (doc. # 31), plaintiff responded (doc. # 34).

Also pending before the court is defendant Fitzgerald trust's motion for a finding of vexatious litigant and entry of vexatious litigant pre-filing order. (Doc. # 33).[2] Plaintiff filed a response (doc. # 43), and defendant Fitzgerald trust filed a reply (doc. # 45).

---

[1] Defendant Fitzgerald trust also filed a statement in support of the motion for summary judgment. (Doc. # 17).

[2] This motion is supported by the affidavit of Mark Simons and exhibits attached thereto consisting primarily of court records from other cases. (*Id.*) The court takes judicial notice of the court records. *See, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

**James C. Mahan**
**U.S. District Judge**

## I. Factual & Procedural Background

In the instant matter, plaintiff sued the Fitzgerald trust and Ranspot in state court for the alleged inappropriate diversion of royalty payments from a wide array of mineral mining operations across the western United States. Plaintiff alleges that he entered into a joint venture with Michael J. Fitzgerald and Clyde Davis in March 1969, based on mineral exploration. Plaintiff further alleges that he was to receive royalties under a confidentiality agreement also entered into in March 1969.

In August 2012, plaintiff filed the instant complaint based on the alleged violation of the confidentiality agreement and failure to pay plaintiff royalties. Specifically, plaintiff alleges: (1) breach of fiduciary duty; (2) constructive fraud; (3) unjust enrichment; (4) accounting; (5) tracing; (6) constructive trust; and (7) attorney's fees. (Doc. # 1, Ex. A).

Previously, in March 2011, plaintiff filed a creditor's claim against the Fitzgerald estate alleging essentially the same facts and claims in Washington state court ("Washington action"). (Doc. # 17, Ex. 1). In April 2011, the Washington state court ruled that plaintiff's creditor's claim was timed barred. (*Id.*, Ex. 2). Then, in November 2011, plaintiff filed a complaint against the Fitzgerald trust and Marisa Luisa De La Vega, the widow and trustee of the Fitzgerald trust, alleging the same basic claims and contentions contained in the Washington action in Arizona state court ("Arizona action"). (*Id.*, Ex. 10). In September 2012, the Arizona state court dismissed the action with prejudice as being time barred. (*Id.*, Ex. 13).

Defendants Fitzgerald trust and Ranspot timely removed the instant matter to this court. (*See* docs. # 1 & 5). Defendant Ranspot moves this court for a judgment in his favor. Defendant Fitzgerald trust moves this court to enter summary judgment in its favor based on the doctrines of claim and issue preclusion and moves for a finding of a vexatious litigant as to plaintiff. The court now addresses the pending motions before the court.

## II. Motion for Judgment (doc. # 28)

Defendant Ranspot seeks final judgment in his favor pursuant Fed. R. Civ. P. 54(b). While this court already granted defendant Ranspot's motion to dismiss (*see* doc. # 13), it appears that judgment has not yet been entered in favor of Ranspot.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Defendant Ranspot specifically seeks this order because plaintiff has continued to litigate
2 against Ranspot by seeking default against him even after Ranspot had been terminated from this
3 action. (*See* doc. # 20). Because this court has already dismissed plaintiff's complaint as against
4 Ranspot (*see* doc. # 13), the court finds good cause to grant this motion.

### III.    Motion for Summary Judgment (doc. # 16)

#### A.    Legal Standard

A court cannot grant a summary judgment motion merely because it is unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition). Even without an opposition, the court must apply standards consistent with Fed. R. Civ. P. 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Id.* at 950; *see also Clarendon Am. Ins. Co. v. Jai Thai Enterprises, LLC*, 625 F. Supp. 2d 1099, 1103 (W.D. Wash. 2009).[3]

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213

---

[3] "[S]mmary judgment cannot be granted by default, even if there is a complete failure to respond to the motion." Fed.R.Civ.P. 56, 2010 cmt. to subdivision (e). The court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

James C. Mahan
U.S. District Judge

- 3 -

1   F.3d 474, 480 (9th Cir. 2000) (citations omitted).

2       In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

       If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**B.**    **Discussion[4]**

There are two final judgments–in Washington state court and Arizona state court–against plaintiff dismissing his claims as being time barred.[5] The Fitzgerald trust argues that because plaintiff has repeatedly sued defendant over the same issue, this court should enter an order barring plaintiff's claims. The court addresses claim and issue preclusion in turn.

. . .

---

[4] As an initial matter, the court acknowledges that the complaint and response to the non-opposition are *pro se* and held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[5] In addition, plaintiff sought to intervene in a Nevada state court action and brought an action in Wyoming state court alleging similar claims presented in this matter. The court, however, does not look to these proceedings to determine whether the doctrines of claim and/or issue preclusion apply.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    First, the court acknowledges that resolution of claim and issue preclusion are appropriate at the summary judgment stage under Nevada law. *See LaForge v. State, University and Community College System of Nevada*, 997 P.2d 130, 133 (Nev. 2000). Second, the court acknowledges that "[t]o determine whether a state court decision precludes a party from litigating a claim or issue in federal court, the federal court must apply the res judicata rules of the state court wherein the prior judgment was rendered." *Taylor v. Merscorp, Inc.*, 2:11-CV-01516-GMN, 2012 WL 4361026, at *3 (D. Nev. Sept. 21, 2012) (citing *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005); *Pedrina v. Chun*, 906 F.Supp. 1377, 1399 (D.Haw.1995), aff'd 97 F.3d 1296 (9th Cir. 1996)).

### 1.  Claim Preclusion[6]

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotations omitted). "A final judgment on the merits of an action precludes the parties or their privies form relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 453 U.S. 394, 398 (1981). "The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions." *Bell v. United States*, no. CV F 02-5077, 2002 WL 1987395, at *4 (E.D. Cal. June 28, 2002).

"It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (discussing res judicata and collateral estoppel under the Constitution's full faith and credit clause and the parallel

---

[6] Nevada, Washington, and Arizona all recognize and apply the doctrine of claim preclusion, which precludes the relitigation of claims previously resolved by final judgment in other litigation. *See, e.g., Berkson v. LePome*, 245 P.3d 560, 564 (Nev. 2010); *Pederson v. Potter*, 11 P.3d 833, 835 (Wash. Ct. App. 2000); *Western Cable v. Indus. Comm'n of Arizona*, 698 P.2d 759, 763 (Az. Ct. App. 1985). Nevada, Washington, and Arizona's law on claim preclusion is consistent, *see, e.g., Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (2008); *Irondale Cmty. Action Neighbors v. W. Washington Growth Mgmt. Hearings Bd.*, 262 P.3d 81, 86 (Wash. Ct. App. 2011); *Howell v. Hodap*, 212 P.3d 881, 884 (Az. Ct. App. 2009), thus the court applies Nevada's law given that the standards are substantively identical in each state. However, where a difference in law exists, the court applies the res judicata rules of the state in which the prior judgment was rendered. *Taylor*, 2012 WL 4361026, at *3 (D. Nev. Sept. 21, 2012).

**James C. Mahan**
**U.S. District Judge**

- 5 -

federal statute–28 U.S.C. § 1738).

The Nevada Supreme Court has established the following three-part test for determining whether claim preclusion should apply: "(1) the parties or their privies are the same; (2) the final judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008); *see also Tahoe-Sierra*, 322 F.3d at 1077 (identifying the same three-part test).

When considering the first factor a court should note that "even when parties are not identical, privity may exist if there is a substantial identity between parties, that is, when there is sufficient commonality of interest." *Id.* at 1082. "Privity–for the purposes of applying the doctrine of res judicata–is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).

Courts should consider the following four criteria for the third factor: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Here, the Arizona action named Marisa Luisa De La Vega individually and as trustee. Further, the Washington action named the Fitzgerald estate, which under Washington law, is in privity with the Fitzgerald trust.[7] Thus, the first prong is satisfied for both the Arizona action and the Washington action.

. . .

---

[7] The Revised Code of Washington ("RCW") 11.40.051(1)(b)(I) allows a creditor to file a claim with a decedent's estate within four months following publication of notice to file such claim. This is effective against probate and non-probate assets. *See* RCW 11.40.051(3) and 11.02.005(10). Because the Fitzgerald trust is a non-probate asset, any claims against it are also time barred under RCW 11.40.051(1)(b)(I) as was plaintiff's claim against the Fitzgerald estate. Given that Fitzgerald estate has a complete defense to plaintiff's claims, the Fitzgerald trust also has a complete defense to such claims since it is in privity with the Fitzgerald estate by operation of Washington law. *See Thompson v. King Cnty.*, 259 P.3d 1138, 1143 (Wash. App. Ct. 2011).

James C. Mahan
U.S. District Judge

- 6 -

1  Also, both the Washington and Arizona judgments are final and are not subject to appeal.
2  Thus, the prior judgments are final which satisfies the second prong of claim preclusion.

3  Last, the present claims asserted by plaintiff are premised on allegations that he and
4  Fitzgerald executed a confidential agreement, which Fitzgerald breached causing harm to plaintiff.
5  This is the identical premise that plaintiff alleged in his creditor claim against the Fitzgerald estate
6  in the Washington action. Additionally, the was the same basis of the Arizona action. All three cases
7  arises out of the same set of facts, allegations that plaintiff and Fitzgerald executed a confidential
8  agreement which Fitzgerald breached; and involve infringement of the same right, that the breached
9  caused harm to plaintiff. Further, to permit litigation on claims that have been dismissed with
10 prejudice would impair enforcement of the prior judgments; and finally, these actions rely on
11 substantially the same evidence. *See Mpoyo.*, 430 F.3d at 987.[8] Thus, the third prong of claim
12 preclusion is satisfied.

### 2. Issue Preclusion[9]

"In contrast to claim preclusion, the doctrine of issue preclusion does not apply to matters which could have been litigated but were not." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 235 (Nev. 2005). "However, issue preclusion may be appropriate, even when the causes of action asserted in the second proceeding are substantially different from those addressed in the initial proceedings, as long as the court in the prior action addressed and decided the same underlying factual issues." *Id.* "Therefore, when determining whether issue preclusion applies to a given case, courts must scrupulously review the record to determine if it actually stands as a bar to relitigation." *Id.*

---

[8] Further, even if the claims are not the same, it is clear from review of the claims and contentions asserted by plaintiff in the prior actions and in the instant action, that plaintiff could have brought these claims in the previous actions.

[9] Nevada, Washington, and Arizona all recognize and apply the doctrine of issue preclusion, which precludes relitigation of "issues of fact or law" previously resolved by final judgment in other litigation. *See,* e.g., *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 473 (Nev. 1998); *Regan v. McLachlan*, 257 P.3d 1122, 1127 (Wash. App. Ct. 2011); *Corbett v. ManorCare of Am., Inc.*, 146 P.3d 1027, 1033 (Az. Ct. App. 2006). Nevada, Washington, and Arizona's law on issue preclusion are consistent, *Executive Mgmt.*, 963 P.2d at 473; *Maricopa-Stanfield Irr. & Drainage Dist. v. Robertson*, 123 P.3d 1122, 1129 (Az. 2005); *Malland v. State*, *Dep't of Ret. Sys.*, 694 P.2d 16, 21 (Wash. 1985), thus the court applies Nevada's law given that the standards are substantively identical in each state. However, where a difference in law exists, the court applies the res judicata rules of the state in which the prior judgment was rendered. *Taylor*, 2012 WL 4361026, at *3 (D. Nev. Sept. 21, 2012).

1    "Issue preclusion, or collateral estoppel, may be implicated when one or more of the parties
2  to an earlier suit are involved in subsequent litigation on a different claim." *Univ. of Nevada v.*
3  *Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994). "The doctrine of issue preclusion prevents relitigation
4  of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding."
5  *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (internal citations and quotations
6  omitted).

7    "In both the offensive and defensive use situations the party against whom estoppel [issue
8  preclusion] is asserted has litigated and lost in an earlier action." *Id.* (alteration in original) (internal
9  quotations and citations omitted). "The issue must have been actually decided after a full and fair
10 opportunity for litigation." *Id.*

11   "Under the Full Faith and Credit Act, federal courts must give state judicial proceedings the
12 same full faith and credit as they have by law or usage in the courts of the State from which they are
13 taken." *Id.* (quoting 28 U.S.C. § 1738); *Migra*, 465 U.S. at 81 ("Section 1738 requires federal courts
14 to give the same preclusive effect to state court judgments that those judgments would be given in
15 the courts of the State from which the judgments emerged.").

16   Under Nevada law, "the following factors are necessary for application of issue preclusion:
17 (1) the issue decided in the prior litigation must be identical to the issue presented in the current
18 action; (2) the initial ruling must have been on the merits and have become final; (3) the party against
19 whom the judgment is asserted must have been a party or in privity with a party to the prior
20 litigation; and (4) the issue was actually and necessarily litigated." *Ruby*, 194 P.3d at 713.

21   Here, the issues decided in the prior actions are identical to the issue presented in the instant
22 matter. The Washington and Arizona judgments resolved whether plaintiff's claim arising out of the
23 confidentiality agreement were barred as a matter of law under Washington law. Both state courts
24 held that plaintiff's claims were time barred. The issue of application of Washington law to bar
25 plaintiff's claims was actually and necessarily litigated in these prior actions and is identical to the
26 issue raised in the instant matter. Also, the Washington and Arizona judgments were on the merits
27 and final, both cases dismissed plaintiff's action with prejudice and the appellate process in both
28

**James C. Mahan**
**U.S. District Judge**

- 8 -

1   cases has either expired or has been exhausted.

2   Further, as previously discussed *supra* III.B.1., the parties are identical or there is privity with a party in the prior litigation. Last, the application of the doctrine does not work as an injustice on plaintiff. *See Malland*, 694 P.2d at 21 (holding that the test for issue preclusion in Washington requires that "(4) application of the doctrine must not work an injustice on the party against whom the doctrine is applied."). The evidence before the court demonstrates that plaintiff will not sustain any injustice by application of issue preclusion. Plaintiff has already brought the same claims based on the same conduct in Washington and Arizona. Both courts have rejected plaintiff's claims as being time barred as a matter of law.

Thus, the court finds that justice requires dismissal of plaintiff's complaint against the Fitzgerald trust.

### IV.     Motion for a Finding of Vexatious Litigant (doc. # 33)

#### A.     Legal Standard and Analysis

This court has the power to enter pre-filing orders against vexatious litigants pursuant to the All Writs Act, 28 U.S.C. § 1651(a). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, the Ninth Circuit has cautioned that such orders are "an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

In determining whether a pre-filing order is appropriate, the Ninth Circuit has outlined four factors for this court to consider. First, the litigant must be given notice and a chance to be heard. *Id.* Second, this court must compile an adequate record for review. *Id.* Third, this court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. *Id.* Fourth, any pre-filing order must be narrowly tailored to closely fit the specific vice encountered. *Id.* The court addresses each factor in turn.

. . .

**James C. Mahan**
**U.S. District Judge**

### 1. Notice

A pre-filing order may be entered only if plaintiff had notice and an opportunity to be heard. "This is a core requirement of due process." *Molski*, 500 F.3d at 1058. Fitzgerald trust filed its motion on March 20, 2013. (Doc. # 33). On April 8, 2013, plaintiff moved to extend the time to respond. (Doc. # 35). The court granted that motion, extending the deadline to respond to May 6, 2013. (Doc. # 36). Plaintiff filed a response on May 17, 2013 (doc # 43), which the court considers herein.[10] Accordingly, plaintiff was given notice and an opportunity to be heard. *See, e.g.*, *Molski*, 500 F.3d at 1059.

### 2. Adequate Record

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.* Although often pre-filing orders are entered when dozens of related cases have been filed, the filing of relatively few actions can constitute an adequate record for review. *See, e.g.*, *Jones v. Las Vegas Water Dist.*, 2012 WL 2859929, at *7 (D. Nev. July 11, 2012) (finding an adequate record based almost entirely on filings in three lawsuits); *Boustred v. Government*, 2008 WL 4287570, at *2 (N.D. Cal. Sept. 17, 2008) (finding an adequate record based on the filing of three actions "containing similar rambling, largely incomprehensible claims" against the County and various other defendants). As explained more fully below, the court has an adequate record.

On April 9, 2008, Tronox Corporation sued Michael Fitzgerald in Nevada state court. (*See, e.g.*, doc. # 33, Ex. 1 at 1 (case no. CV08-00924, Second Judicial District Court of the state of Nevada, Washoe County)). After the parties to that suit agreed to dismiss it with prejudice, plaintiff filed a motion to intervene and to set aside the judgment based on "newly discovered

---

[10] The court finds the pending motion properly decided without oral argument. *See* Local Rule 78-2. The requirement that the plaintiff have an opportunity to be heard does not require an oral hearing; "the opportunity to brief the issue fully satisfies due process requirements." *Molski*, 500 F.3d at 1058-59 (quoting *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

James C. Mahan
U.S. District Judge

- 10 -

1  evidence" consisting of the parties' knowledge of evidence filed by plaintiff in another case. (*See*
2  *id.*, Ex. 1 at 4). That new evidence appears to refer to the existence of the alleged confidential
3  agreement purportedly signed by Mr. Fitzgerald in 1969. (*See id.*, Ex. 10 at ¶ 60). Plaintiff's
4  motion was denied because the case had already been dismissed and no action existed in which
5  plaintiff could intervene. (*See id.*, Ex. 3 at 4).

6        On January 9, 2011, plaintiff brought suit in federal court in Wyoming. (*See id.*, Ex. 10
7  (case no. 11-cv-20-J, United States District Court, District of Wyoming)). That suit named as
8  defendants the Fitzgerald estate, as well as his widow and attorneys. (*See id.*; *see also* Ex. 2, ¶¶
9  14-16). The claims were premised on, *inter alia*, Mr. Fitzgerald's breach of the alleged
10 confidential agreement. (*See, e.g., id.*, Ex. 10 at ¶¶ 70, 91, 103). On April 1, 2011, the court
11 dismissed that action without prejudice for lack of personal jurisdiction over any of the named
12 defendants. (*Id.*, Ex. 11).

13       On March 23, 2011, plaintiff also brought a creditor's claim in the Washington action,
14 claiming a breach of the alleged confidential agreement by Mr. Fitzgerald. (*See id.*, Ex. 4 (case
15 no. 09-04947-2 SEA, Washington Superior Court for King County)). The premise of the present
16 case is identical to that which plaintiff alleged in his creditor claim against Fitzgerald estate in the
17 Washington action; namely, that Mr. Fitzgerald breached the alleged confidential agreement. On
18 April 18, 2011, the court determined that plaintiff's claim was barred as untimely. (*See id.*, Ex.
19 5). The court thereafter entered judgment against plaintiff in the amount of $12,925 plus interest.
20 (*See id.*, Ex. 6).

21       Plaintiff appealed that judgment, but the appellate court dismissed his appeal for failure
22 to file an opening brief. (*See id.*, Exs. 8, 9).

23       On November 14, 2011, plaintiff initiated the Arizona action. (*See id.*, Ex. 12 (case no.
24 C20117994, Arizona Superior Court, Pima County)). The claims in that case were brought against
25 Mr. Fitzgerald's widow, individually and as the trustee of Fitzgerald trust. (*See id.*). The claims
26 raised in the Arizona action again were based on the allegation that Mr. Fitzgerald breached the
27
28

**James C. Mahan**
**U.S. District Judge**

- 11 -

1   confidential agreement. (*See id.* at ¶¶ 16-17).[11] On September 11, 2012, the court dismissed the

2   claims as, *inter alia*, time-barred under Washington law. (*See id.*, Ex. 15 at 1-2). The defendants

3   in that case "sought dismissal with prejudice in part due to repeated filings, costs for answering

4   suits by plaintiff, and the frivolous and vexatious nature [of] Plaintiff's claims." (*See* doc. # 33,

5   Ex. 15 at 5). In particular, they argued that "Plaintiff should not be allowed to skip from

6   jurisdiction to jurisdiction with untimely actions barred by the statutes of limitations and repose."

7   (*Id.*).

8         The court further noted the more than 40 lawsuits brought by plaintiff to date, many of

9   which resulted in reprimands and sanctions against plaintiff, and concluded that the dismissal

10  should be with prejudice as to, *inter alia*, Mr. Fitzgerald and Fitzgerald trust. (*Id.*) Plaintiff then

11  filed a motion for reconsideration and for recusal, which the court denied. (*See id.*, Ex. 16 at 1).

12  The court further awarded roughly $86,000 in attorneys' fees against plaintiff. (*Id.* at 2).

13        Shortly before the Arizona action was dismissed, on August 6, 2012, plaintiff filed the

14  pending action in Nevada state court, and it was removed to this court. (*See* doc. # 1). The present

15  action once again is based on allegations that Mr. Fitzgerald breached the confidential agreement.

16  As more fully discussed *supra* III.B,, the pending action is precluded by both claim and issue

17  preclusion because the claims and issues are the same as those decided on the merits previously

18  in the Washington and Arizona actions.

19        In addition to the above, plaintiff has brought numerous other actions, some of which have

20  resulted in significant sanctions and imposition of pre-filing orders.[12] For example, a Utah state

21  district court imposed a pre-filing screen against plaintiff to "restrict his ability to engage in

22  further frivolous, abusive, and vexatious litigation and to engage in wasting the assets of the

23  Court." (*See id.*, Ex. 21 at 2 (case no. 063400265, Fourth Judicial District Court of Utah County)).

---

[11] Plaintiff also filed an amended complaint alleging the same basic claims, *see* doc. # 33, Ex. 14, ¶¶ 36-37, but adding 17 more defendants, including Fitzgerald estate, Michael Fitzgerald's son, and Michael Fitzgerald's brother, *see id.* at ¶¶ 6-7.

[12] Fitzgerald trust submitted a partial list of 86 cases in which plaintiff has been involved, 43 of which were initiated by plaintiff. (*See* doc. # 33, Ex. 20 (attached to as Ex. A)). Plaintiff does not dispute the accuracy of that list in his response.

**James C. Mahan**
**U.S. District Judge**

- 12 -

1  That court also ordered plaintiff to pay $4,234 in sanctions. (*See id.*, Ex. 23). Similarly, a Nevada
2  state district court found that "plaintiff's conduct . . . was intended to harass and vex the moving
3  defendants," sanctioned him $30,457.47 in fees and costs, and entered a pre-filing order against
4  him. (*See id.*, Ex. 25 at 7, 11 (case no. 13108, Fifth Judicial District Court of the state of Nevada,
5  Nye County)).

6  In another case in Utah state court, the court sanctioned plaintiff $5,435 in attorneys fees
7  upon finding by clear and convincing evidence that plaintiff had on numerous occasions falsely
8  accused the opposing party of raping plaintiff's wife, paying for her abortion, committing fraud,
9  and money laundering, all in violation of a preliminary injunction forbidding him from
10 communicating with other parties during the pendency of the litigation. (*See id.*, Ex. 26 (case no.
11 020400947, Fourth Judicial District of Utah County)).

12 **3.     The Frivolous or Harassing Nature of Plaintiff's Litigation**

13 Plaintiff's ongoing efforts to recover for Mr. Fitzgerald's breach of the alleged confidential
14 agreement are both frivolous and of a harassing nature. Plaintiff has filed several actions against
15 Michael Fitzgerald, his trust, and related persons and entities, that have no merit and/or are
16 frivolous.  Plaintiff's claim was first decided on the merits in the Washington action, and he
17 abandoned that action on appeal.[13]

18 Instead, he brought a new suit in the Arizona action based on the same premise. The court
19 in the Arizona action determined that plaintiff's claims were vexatious and harassing. (*See id.*,
20 Ex. 15 at 5 (dismissing claims with prejudice based on argument that plaintiff's claims were
21 frivolous and vexatious in nature)). Notwithstanding that determination in the Arizona action (and
22 the previous determination in the Washington action), plaintiff proceeded with the same claim
23 again in this court.

24 In short, plaintiff has engaged in a course of simply re-raising the same claims in different
25 courts around the region, notwithstanding that the claims clearly lack merit and the claims have

---

[13] Prior to the Washington action, plaintiff had unsuccessfully moved to intervene in a closed case and had brought an action in a court that had no jurisdiction over any of the defendants.

**James C. Mahan**
**U.S. District Judge**

- 13 -

1  already been resolved on the merits. That conduct has caused unnecessary expense to the parties
2  and placed needless burden on the courts. Plaintiff's conduct is frivolous and harassing. *See, e.g.*,
3  *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983)
4  (finding pre-filing order proper where party "has shown his intention continually to relitigate
5  claims that have been previously dismissed").[14]

### 4. Narrowly Tailored Relief

The court therefore concludes that a pre-filing order is warranted in this case. The court must therefore craft a narrowly tailored pre-filing order. An order is narrowly tailored where "it preserves [the litigant's] right to adequate, effective and meaningful access [to the court], . . . while protecting the court from abuse." *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984) (internal citation omitted).

Plaintiff has proven himself to be a vexatious litigant with respect to claims allegedly arising out of the confidential agreement against Michael Fitzgerald, his trust, his estate, and those associated therewith. As such, the court finds the pre-filing order is properly limited to claims arising out of the alleged confidential agreement against such parties. *See Molski*, 500 F.3d at 1061 (finding narrowly tailored pre-filing order for any new ADA claims filed by plaintiff).[15]

. . .

. . .

---

[14] Plaintiff's conduct in the litigation arising out of the alleged confidential agreement is sufficient for a finding of vexatiousness and harassment. But the court notes that its findings are further supported by plaintiff's history of litigation against other defendants on other claims, which have resulted in findings that he is vexatious and the imposition of myriad sanctions. *See supra* IV.A.2; *see also Molski*, 500 F.3d at 1059 (considering party's conduct in bringing other ADA claims against other defendants).

[15] Fitzgerald trust also seeks an order enjoining plaintiff from communicating directly or indirectly with Michael Fitzgerald, the Fitzgerald estate, the Fitzgerald trust, any trustee of the Fitzgerald trust, any beneficiary of the Fitzgerald trust, Marisa Luisa De La Vega Fitzgerald, and any of these person's or entities attorneys or law firms, as well as enjoining him from communicating with third parties about any of these parties. (*See* doc. # 33, 20). Fitzgerald trust presents no authority indicating that such a restraint is appropriate. The court has substantial concerns regarding the proposed injunction restraining plaintiff's communications. *See, e.g.*, *Test Masters Education Servs., Inc. v. Singh*, 428 F.3d 559, 579 (5th Cir. 2005) (notwithstanding threatening and harassing communications, finding injunction order restraining a party's communications to be an unconstitutional restraint on his free speech rights). Because Fitzgerald trust has failed to supply sufficient authority that such a condition is appropriate here, the court declines to enjoin plaintiff's communications.

**James C. Mahan**
**U.S. District Judge**

- 14 -

## V.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Ranspot's motion for final judgment (doc. # 28) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that the clerk of the court enter final judgment in favor of defendant Ranspot.

IT IS THEREFORE ORDERED that plaintiff's motion for entry of clerk's default against defendant Ranspot (doc. # 20) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant the Fitzgerald trust's motion for summary judgment (doc. # 16) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant the Fitzgerald trust's motion for a finding of vexatious litigant and entry of vexatious litigant pre-filing order (doc. # 33) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED:

(1)   that plaintiff is BARRED from filing future claims arising out of the alleged confidential agreement against Michael Fitzgerald, the Fitzgerald estate, Fitzgerald trust, any trustee of the Fitzgerald trust, any beneficiary of the Fitzgerald trust, Marisa Luisa De La Vega Fitzgerald, and any of these person's or entities' attorneys or law firms without prior permission.

(2)   that to file any such papers, plaintiff MUST make application for leave and the proposed suit shall bear the caption "application seeking leave to file." Plaintiff SHALL provide a copy of the proposed suit to the clerk's office. The application SHALL be supported by a declaration under oath by plaintiff stating: (a) that the matters asserted in the new complaint or papers have not been raised and disposed of on the merits by any court; (b) that the claim or claims are not frivolous or made in bad faith; and © that plaintiff has conducted a reasonable investigation of the facts and his investigation supports his claim or claims.

**James C. Mahan**
**U.S. District Judge**

(3)     a copy of this order SHALL BE attached to any application.

IT IS FURTHER ORDERED that the clerk of the court enter final judgment in favor of defendant the Fitzgerald trust and close this case.

IT IS FURTHER ORDERED that no further motions will be entertained in this closed case.

DATED July 8, 2013.

*signature*
_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**