**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVE DAVIS, | ) |
| Plaintiff(s), | ) Case No. 2:12-cv-01939-JCM-NJK |
| vs. | ) REPORT AND RECOMMENDATION |
| LIVING TRUST OF MICHAEL J. FITZGERALD, et al., | ) |
| Defendant(s). | ) |

Pending before the Court is the order for Plaintiff to show cause in writing, no later than October 8, 2013, why the Court should not recommend sanctions up to and including entry of default judgment on the counterclaims pending against him, pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule IA 4-1.  Docket No. 66.  Plaintiff has failed to file a response.  For the reasons discussed more fully below, the Court hereby **RECOMMENDS** entry of **DEFAULT JUDGMENT** against Plaintiff on the remaining counterclaims pending against him.

**I.    BACKGROUND**

On July 8, 2013, the Court Clerk's office mailed to Plaintiff a notice of a Court orders. Docket Nos. 53, 54 (Notices of Electronic Service).  Those notices were returned to the Court as

undeliverable, with a notation that no new address was provided for forwarding. Docket No. 58.[1] Similarly, Defendant filed a notice with the Court that its recent mailings to Plaintiff have been returned as undeliverable. Docket No. 59. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see also In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (upholding denial of motion to set aside default judgment where party failed to update address). As a result, the Court ordered Plaintiff to file, no later than September 23, 2013, a notice with his current mailing address. Docket No. 60. The Court cautioned Plaintiff that "[t]he failure to comply with this order will result in an order to show cause why default judgment should not be entered on the remaining counterclaims against Plaintiff." *Id.*[2] Plaintiff failed to comply with that Court order.

As a result, on September 24, 2013, the Court issued the pending order that Plaintiff show cause why default judgment should not be entered on the remaining counterclaims. Docket No. 66. Plaintiff was ordered to respond no later than October 8, 2013. *Id.* Plaintiff failed to comply with that Court order and has not filed a response.

**II.  ANALYSIS**

Plaintiff has disobeyed the Court's order that he update his address and disobeyed the Court's order that he show cause why default judgment should not be entered on the remaining counterclaims. Plaintiff's failure to update his address and his disobedience with Court orders are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Plaintiff has refused to comply with the orders of this Court notwithstanding the Court's warning that case-dispositive sanctions may be

---

[1] Since that time, additional court documents have been returned as undeliverable. *See* Docket No. 64, 67, 68.

[2] The Court re-opened the case with respect to three of the counterclaims brought by Defendant/Counterclaimant The Living Trust of Michael J. Fitzgerald against Plaintiff. *See* Docket No. 57. It appears that these counterclaims are the only remaining claims in this case.

1  imposed for such conduct.

2  Accordingly, in light of the circumstances outlined above, the Court **RECOMMENDS** that
3  **DEFAULT JUDGMENT** be entered on the remaining counterclaims pending against Plaintiff.

### NOTICE

5  Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be
6  in writing and filed with the Clerk of the Court within 14 days of service of this document.** The
7  Supreme Court has held that the courts of appeal may determine that an appeal has been waived due
8  to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).
9  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to
10 properly address and brief the objectionable issues waives the right to appeal the District Court's
11 order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d
12 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

13 IT IS SO ORDERED.

14 DATED: October 9, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge