# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEVE DAVIS,

        Plaintiff(s),

v.

THE LIVING TRUST OF MICHAEL J. FITZGERALD, HENRY W. RANSPOT,

        Defendant(s).

2:12-CV-1939 JCM (NJK)

**ORDER**

Presently before the court is the report and recommendation of Magistrate Judge Koppe. (Doc. # 69). No objections have been filed and the deadline date for filing objections has expired. Also before the court is defendant's motion for attorneys fees and costs. (Doc. # 63).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate

**James C. Mahan**
**U.S. District Judge**

judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to ADOPT the magistrate's findings in full.

Similarly, because plaintiff failed to file a response to defendant's motion for attorneys fees and costs, and because it is apparent from the record that this action was brought in bad faith, the court will grant defendant's motion for attorneys fees and costs.[1] *See Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1048 (9th Cir. 1985); 28 U.S.C. § 1927.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Koppe (doc. #69) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that default judgment be entered on the remaining counterclaims pending against plaintiff.

. . .

. . .

---

[1] At the time this case was filed, two separate courts of competent jurisdiction had already issued final judgments stating that plaintiff's claims were barred as a matter of law.

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that defendant's motion for attorneys fees and costs (doc. # 63) is GRANTED.

DATED February 4, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -